| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISION |
|---|---|

AUGUSTIN PRUNEDA, Individually § 
and On Behalf of All Others Similarly §
Situated, BRIAN BARRICK, BRIAN §
CURTIS, CHRISTOPHER §
MOLLEDA and DARRELL §
SANDERS, §
  §
  *Plaintiff(s)*, § No. 5:22-cv-00104
  §
v. §
  §
BEXAR COUNTY, TEXAS, §
  §
  *Defendant(s)*. §

**PLAINTIFF AUGUSTIN PRUNEDA'S ORIGINAL COMPLAINT**

Plaintiff Augustin Pruneda (referred to as "Pruneda") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all similarly situated current and/or former employees of Defendant Bexar County, Texas (referred to as "Bexar County" or "the County") during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"). Barrick, Curtis, Molleda and Sanders brings this action under 29 U.S.C. § 216(b) individually to recover back wages, liquidated damages, attorney's fees and costs under the FLSA.

## I. Nature of Suit

1. Pruneda's, Barrick's, Curtis's, Molleda's and Sanders's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. Bexar County violated the FLSA by employing Pruneda, Barrick, Curtis, Molleda and Sanders and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. Bexar County willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6. Pruneda brings this action under 29 U.S.C. § 216(b) individually and on behalf of all similarly situated current and/or former employees of Bexar County

(defined below) to recover back wages, liquidated damages, attorney's fees and costs under the FLSA.

7.  Barrick, Curtis, Molleda and Sanders bring this action under 29 U.S.C. § 216(b) individually to recover back wages, liquidated damages, attorney's fees and costs under the FLSA.

## II. Jurisdiction & Venue

8.  This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

9.  Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Pruneda's, Barrick's, Curtis's, Molleda's and Sanders's claims occurred in this district and division. 28 U.S.C. § 1391(b)(2).

## III. Parties

10. Pruneda, Barrick, Curtis, Molleda and Sanders are individuals each of whom resides in Bexar County, Texas, and each of whom were employed by Bexar County during the last three years.

11. Bexar County is a political subdivision of the State of Texas that may be served by serving Bexar County Judge Nelson Wolff. *See*, Tex. Civ. Prac. & Rem. Code § 17.024(a).

## IV. Facts

12. Bexar County is a political subdivision of the State of Texas located in the territorial jurisdiction of this Court.

13. Bexar County is covered by the FLSA, and it is not entitled to sovereign immunity for FLSA claims. 29 U.S.C. §§ 203(c), (e)(2)(C), (x); *Hoff v. Nueces Co., Tex.*, 153 S.W.3d 45, 47 (Tex. 2004) (political subdivisions not entitled to sovereign immunity for FLSA claims).

14. Pruneda, Barrick, Curtis, Molleda and Sanders are longtime employee of Bexar County; they currently work as deputy sheriffs in the Bexar County Sheriff's Department and have attained the rank of either lieutenant or captain.

15. Like most deputy sheriffs, Pruneda's, Barrick's, Curtis's, Molleda's and Sanders's primary duty is law enforcement, which consists of preventing or detecting crime; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and investigative reports; responding to calls for service; and other similar work.

16. Bexar County treats Pruneda, Barrick, Curtis, Molleda and Sanders essentially as hourly employees; they are required to punch a timeclock, and they receive

compensatory time off (albeit at the incorrect rate) for any hours that they work over forty in a workweek.

17. In other words, Bexar County does not pay Pruneda, Barrick, Curtis, Molleda and Sanders on a "salary basis" as that term is defined by the applicable regulations. *See generally*, 29 C.F.R. §§ 541.600-541.607.

18. During Pruneda's, Barrick's, Curtis's, Molleda's and Sanders's employment with Bexar County, they regularly worked (and continue to work) in excess of forty hours per week.

19. Bexar County knows (or reasonably should know) that Pruneda, Barrick, Curtis, Molleda and Sanders work in excess of forty hours per week and that they have been doing so for years.

20. Bexar County does not award Pruneda, Barrick, Curtis, Molleda and Sanders compensatory time off "at a rate not less than one and one-half hours for each hour of employment for which overtime compensation [would be] required … ." 29 U.S.C. § 207(o)(1).

21. Instead of paying Pruneda, Barrick, Curtis, Molleda and Sanders overtime compensation or awarding them compensatory time off at a rate not less than one and one-half hours for the hours they work over forty in a workweek, Bexar County awards

Pruneda, Barrick, Curtis, Molleda and Sanders one hour of compensatory time off for each of the overtime hours that they work.

22.     Additionally, Bexar County does not pay overtime compensation to Pruneda, Barrick, Curtis, Molleda and Sanders after they accrue 240 hours of compensatory time off. *See*, 29 U.S.C. § 207(o)(3).

23.     And under its own policy, Bexar County will not pay Pruneda, Barrick, Curtis, Molleda and Sanders for any unused compensatory time off upon termination of their employment as required by 29 U.S.C. § 207(o)(4).

24.     Bexar County knows (or reasonably should know) that Pruneda, Barrick, Curtis, Molleda and Sanders are not exempt from the maximum hour requirements of the FLSA.

25.     Bexar County failed to maintain accurate time and pay records (for example, with respect to their compensatory time off) for Pruneda, Barrick, Curtis, Molleda and Sanders as required by 29 U.S.C. § 211(c) and 29 C.F.R. § 553.50 and 29 C.F.R. pt. 516.

26.     Bexar County is liable to Pruneda, Barrick, Curtis, Molleda and Sanders for their unpaid overtime compensation (or, alternatively, for the compensatory time off that it did not award them), liquidated damages and attorney's fees and costs. *See*, 29 U.S.C. § 216(b).

27. All deputy sheriffs employed by Bexar County who have attained the rank of lieutenant or captain are similarly situated to Pruneda because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime compensation or awarded compensatory time off at a rate not less than one and one-half hours for the hours they works over forty in a workweek; (4) are not paid overtime compensation after accruing 240 hours of compensatory time off; (5) are not paid for their accrued compensatory time off upon separation of employment and (6) are entitled to recover their unpaid overtime compensation (or, alternatively, compensatory time off), liquidated damages and attorney's fees and costs from Bexar County pursuant to 29 U.S.C. § 216(b).

## V.  Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207

28. Pruneda, Barrick, Curtis, Molleda and Sanders adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

29. During Pruneda's, Barrick's, Curtis's, Molleda's and Sanders's employment with Bexar County, they were (and are) nonexempt employees.

30. As nonexempt employees, Bexar County was legally obligated to pay Pruneda, Barrick, Curtis, Molleda and Sanders "at a rate not less than one and one-half times the regular rate at which [they were] employed[]" for the hours they worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

31. Bexar County did not pay Pruneda, Barrick, Curtis, Molleda and Sanders "at a rate not less than one and one-half times the regular rate at which [they were] employed[]" as required by 29 U.S.C. § 207(a)(1).

32. Instead, Bexar County either paid Pruneda, Barrick, Curtis, Molleda and Sanders at the same rate of pay for all of the hours they worked or not at all.

33. If Bexar County classified Pruneda, Barrick, Curtis, Molleda or Sanders as exempt from the maximum hour requirements of the FLSA, they were misclassified.

34. As a result of the FLSA violation(s) described above, Bexar County is liable to Pruneda, Barrick, Curtis, Molleda and Sanders for back wages equal to the difference between what the County should have paid and what it actually paid.

## VI.  Count Two—
## Failure to Award Compensatory Time Off in
## Violation of 29 U.S.C. § 207(o)(1)

35. Pruneda, Barrick, Curtis, Molleda and Sanders adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

36. If Bexar County claims that it awards compensatory time off in lieu of overtime compensation, it still violated the law.

37. A public agency, including a state, a political subdivision of a state, or an interstate governmental agency, may, in lieu of paying overtime compensation, award "compensatory time off at a rate not less than one and one-half hours for each hour of

employment for which overtime compensation [would be] required[.]" 29 U.S.C. § 207(o)(1).

38.     Bexar County does not award Pruneda, Barrick, Curtis, Molleda and Sanders compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation would be required.

39.     Instead, Bexar County awards Pruneda, Barrick, Curtis, Molleda and Sanders compensatory time off at a rate of one hour for each hour of employment for which overtime compensation would be required.

### VII.  Count Three—
### Failure to Pay Overtime Compensation
### After Accruing 240 Hours of Compensatory Time Off in
### Violation of 29 U.S.C. § 207(o)(3)

40.     Pruneda, Barrick, Curtis, Molleda and Sanders adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

41.     Public agencies that elect to award compensatory time off in lieu of overtime compensation must nonetheless pay overtime compensation to employees who accrue 240 hours of compensatory time off. 29 U.S.C. § 207(o)(3).

42.     Bexar County does not pay overtime to Pruneda, Barrick, Curtis, Molleda and Sanders when they accrue 240 hours of compensatory time off.

43. Instead, Bexar County either awarded Pruneda, Barrick, Curtis, Molleda and Sanders compensatory time off at an unlawfully low rate or it did not compensate them at all.

### VIII. Count Four—
### Failure to Pay for Unused Compensatory Time Off Upon Termination of Employment in Violation of 29 U.S.C. § 207(o)(4)

44. Pruneda, Barrick, Curtis, Molleda and Sanders adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

45. Public agencies that elect to award compensatory time off in lieu of overtime compensation must pay for any unused compensatory time off upon termination of employment. 29 U.S.C. § 207(o)(4).

46. Under its own policy, Bexar County will not pay Pruneda, Barrick, Curtis, Molleda and Sanders for any unused compensatory time off upon termination of their employment, and it has not, in fact, done so for numerous employees who separated with unused compensatory time off. 29 U.S.C. § 207(o)(4).

### IX. Count Five—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

47. Pruneda, Barrick, Curtis, Molleda and Sanders adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

48. Bexar County willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

49. For example, Bexar County failed to keep accurate records of hours worked by and wages paid (or compensatory time off awarded) to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 553.50; 29 C.F.R. pt. 516.

50. Because Bexar County willfully violated the FLSA, the County is liable to Pruneda, Barrick, Curtis, Molleda and Sanders for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## X. Count Six—
### Collective-Action Allegations Under 29 U.S.C. § 216(b)

51. Pruneda adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

52. On information and belief, other employees of Bexar County have been victimized by the FLSA violation(s) described above.

53. These employees are similarly situated to Pruneda because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

54. Bexar County's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the members of the Overtime Collective (defined below).

55. Since Pruneda's experiences are typical of the experiences of the members of the Overtime Collective (defined below), collective-action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

56. For these reasons and in accordance with 29 U.S.C. § 216(b), Pruneda requests that the Court authorize notice regarding the pendency of this case and the right to join it to the following collective(s):

> All lieutenants and captains employed by Bexar County during the last three years who worked more than forty hours in any one or more workweeks (the "Overtime Collective").

57. Bexar County is liable to Pruneda and the members of the Overtime Collective for back wages equal to the difference between what the company should have paid and what it actually paid.

58. Pruneda has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex employment litigation (including class actions, collective actions, and multidistrict litigation); Pruneda and his counsel are committed to prosecuting this action vigorously on behalf of him and the members of the Overtime Collective, have the financial resources to do so and do not have interests that are contrary to or that conflict with those of the proposed collective(s).

## XI. Count Seven—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

59. Pruneda, Barrick, Curtis, Molleda and Sanders adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

60. Pruneda, Barrick, Curtis, Molleda and Sanders are authorized to recover liquidated damages on their claims by statute. 29 U.S.C. § 216(b).

61. Pruneda, Barrick, Curtis, Molleda and Sanders are authorized to recover attorney's fees and costs on their claims by statute. 29 U.S.C. § 216(b).

62. Pruneda, Barrick, Curtis, Molleda and Sanders have retained the professional services of the undersigned attorneys.

63. Pruneda, Barrick, Curtis, Molleda and Sanders have complied with the conditions precedent to recovering attorney's fees and costs.

64. Pruneda, Barrick, Curtis, Molleda and Sanders have incurred or may incur attorney's fees and costs in bringing this lawsuit.

65. The attorney's fees and costs incurred or that may be incurred by Pruneda, Barrick, Curtis, Molleda and Sanders were or are reasonable and necessary.

66. Bexar County is liable to Pruneda, Barrick, Curtis, Molleda and Sanders and the members of the Overtime Collective for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## XII.  Relief Sought

67. Pruneda, Barrick, Curtis, Molleda and Sanders demand the following relief:

   a. an order under 29 U.S.C. § 216(b) authorizing notice regarding the pendency of this case and the right to join it to the Overtime Collective;

   b. an order appointing Pruneda representative of the Overtime Collective;

   c. an order appointing MOORE & ASSOCIATES counsel for the Overtime Collective;

   d. an incentive award for Pruneda for serving as representative of the Overtime Collective if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

   e. judgment against Bexar County in Pruneda's favor both individually and on behalf of the members of the Overtime Collective for back wages, liquidated damages and attorney's fees, plus interest and costs;

   f. judgment against Bexar County in Barrick's, Curtis's, Molleda's and Sanders favor individually for back wages, liquidated damages and attorney's fees, plus interest and costs; and

   g. all other relief and sums that may be adjudged against Bexar County in Pruneda's favor, both individually and on behalf of the members of the Overtime Collective, and in Barrick's, Curtis's, Molleda's and Sanders favor, individually.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: /s/ Melissa Moore
Melissa Moore
Tex. Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFFS**