**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **AUGUSTIN PRUNEDA, Individually and On** | § | |
| **Behalf of All Others Similarly Situated, BRIAN** | § | |
| **BARRICK, BRIAN CURTIS, CHRISTOPHER** | § | |
| **MOLLEDA and DARRELL SANDERS,** | § | **CIVIL ACTION NO. 5:22-cv-00104** |
| *Plaintiff(s),* | § | |
| **v.** | § | |
| | § | |
| **BEXAR COUNTY, TEXAS,** | § | |
| *Defendant(s),* | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT BEXAR COUNTY'S RESPONSE TO PLAINTIFFS" MOTION FOR
SUMMARY JUDGMENT BASED ON THE PLEADINGS [DOC.38]**

**AND**

**RESPONSE TO PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT ON
LIABILITY [DOC.38]**

**TO THE HONORABLE UNITED STATES JUDGE JASON PULLIUM AND
INITED STATES MAGISTRATE JUDGE HENRY J. BEMPORAD**

Now Comes Defendant Bexar County to Respond to Plaintiff's Motion for

Summary Judgment on the Pleadings and Response to Plaintiffs' Partial motion for

Summary Judgment on Liability.  Bexar County would show the Court as follows:

## I.      RESPONSE TO MOTION FOR JUDGMENT ON THE PLEADINGS

## LEGAL STANDARD FOR MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS PURSUANT TO   FEDERAL RULE OF CIVIL PROECEDURE 12 (c).

1.      A motion brought pursuant to Federal Rule of Civil Procedure 12(c) should be granted only if there is no issue of material fact and if the pleadings show that the moving party is entitled to judgment as a matter of law. *Greenberg v. General Mills Fun Group, Inc.,* 478 F.2d 254, 256 (5th Cir.1973).   A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim.[1]  *See In re Great Lakes Dredge & Dock Co. LLC,* 624 F.3d 201, 209 (5th Cir.2010); *Guidry v. American Public Life Insurance Co.,* 512 F.3d 177, 180 (5th Cir.2007); *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999) (per curiam).

2.      Plaintiffs seek a Motion for Judgment on the Pleadings.  Therefore, they must follow all procedures as set for a defendant when it files a motion to dismiss for failure to state a claim.

---

[1]  Bexar County would note that on occasions when Bexar County has filed a Motion to Dismiss for Failure to State a Claim, the Plaintiff has been given a chance to remedy the matter.  See *Daniel Miranda, et.al. v. Bexar County*; Doc. 21 in Cause No. 5:23-CV-00547-Xr in the United States District Court for the Western District of Texas ) San Antonio Texas; *Jesus S, Lopez, III v. Bexar County, et.al,* Doc 11 in Cause No.  5:22-CV-601-FB in the United states District Court for the Western District of Texas- San Antonio Division.

**A.**   **Plaintiffs Failed to Follow United States District Judge Pullium's Standing Order Regarding Motions to Dismiss for Failure to State a Claim**

3.     United States District Court Judge Pullium in his Standing Order provides that to advance the case efficiently and minimize the case of litigation, the Court will provide parties an opportunity to amend their pleadings once before considering a Federal Rules 12(b)(6).  The Court provides a procedure that must be followed before any party files a Motion to Dismiss under Federal Rule 12(b)(6).

4.     Judge Pullium's Order states that the Court will strike any Federal Rule 12(b) Motion to Dismiss if it does not contain the required Certificate of Conference .  Plaintiff's Motion to Dismiss this lawsuit did not have the required Certificate of Conference because the Ordered procedure was not followed.

5.     Since Judge Pullium's Standing Order was not follow and no certificate of conference was included in the Motion, and  Bexar County was not given a chance to file an Answer before the Motion to Dismiss was filed, Plaintiffs Motion for Partial Judgment on the Pleadings  or, in the Alternatively for Partial Summary Judgment as to Liability should be dismissed at this time.

**B.      Plaintiffs' Pleading are Not Enough to Support a Motion for Summary Judgment on the Pleadings**

**i.      Plaintiffs' Original Complaint**

6.      The facts presented in Plaintiffs' Original Complaint are generalized statements about the law and generalized statements about the duties of  law enforcement.  There are no specific facts presented concerning the Bexar County Sheriff's Office or Bexar County.  Each statement could be cut and pasted  into a Complaint against any law enforcement agency or governmental entity.  To avoid dismissal a plaintiff must allege " 'enough facts to state a claim to relief that is plausible on its face.' " *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir.2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  Plausibility requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

7.      The Original Complaint does not identify each of the Plaintiffs or their Positions in the Bexar County Sheriff's Office.[2]  The Court is unable to determine if a Plaintiff is a lieutenant or a captain or in law enforcement or detention.

8.      Lieutenants and Captains as the highest ranks in the Sheriff's Office. [Doc 9-1, Page 80-87].  Rank and file deputies are the ones who generally conduct

---

[2]      The Court will note that the Original Complaint was never amended.

the duties listed in Plaintiffs' Complaint.  Common sense would be that Captains are not out in the field apprehending suspects or on the floor supervising inmates.  As discussed below, Lieutenants receive Supervisory Duty Differential Pay in acknowledgement of their Supervisory duties.

9.    A review of the Original Complaint never really provides why these employees should not be exempt and given time and a half comp time other than references to various FSLA statutes.    The only reason given is that Plaintiffs are in Law Enforcement.  Not all Law Enforcement Deputies are non-exempt employees. See Wage & Hour Opin. Ltr. #FLSA 2005-40, 2005 DOLWH Lexis 52 (10/14/05)(DOL rules that police lieutenants, police chiefs and fire battalion chiefs are exempt from overtime under the Fair Labor standards Act because their primary duty is management, even though they do not make the ultimate decisions on hiring and firing); *Anderson v. City of Cleveland, Tenn*., 90 F.Supp.2d 906 (E.D. Tenn 2000)(The fact that police lieutenants often work alongside their subordinates officers does not qualify them for FLSA overtime);  *Nickell v. City of Lawrence, Kansas*, 325 F.Supp. 1147 (D. Kansas 2004)( Police sergeants employed by City of Lawrence, Kansas fell plainly and unmistakably within executive exemption from FLSA overtime requirements.)

### ii.    Collective Bargaining Agreement

10.    The Collective Bargaining Agreement between the Deputy Sheriff's Association of Bexar County and the Sheriff of Bexar County and the County of Bexar, Texas (December 23, 2026 to September 30, 2020 has been filed with the Court [Doc 9-1].  The Collective Bargaining Agreement is a matter of public record.

11.    The Collective Bargaining Agreement states that Lieutenants in Law Enforcement receive "Supervisory Duty Differential Pay".  [Doc 9-1, page 21].  This provision would indicate that Lieutenants in law enforcement are Supervisors and part of management.    Since the Plaintiffs have not been identified by the bureau they work in, the Court could not determine if all the lieutenants in the case are law enforcement.

12.    The Collective Bargaining Agreement states the  provisions for hiring, promoting, demoting, transfer, assignments and retaining employees in positions with the Bexar County Sheriff's Office "as provided under the Collective bargaining Agreement and by applicable laws and the Civil Service Rules."  [Doc. 9-1, page 7] The Collective Bargaining Agreement provides the agreed process for Hiring at the Bexar County Sheriff's Office.  [Doc 9-1, Page 49-50].

13.    The Collective Bargaining Agreement provides that Supervisory personnel may impose disciplinary action against any employee for an unexcused failure or refusal to work/or perform his/her assigned duties, subject to the provision

of the Collective Bargaining Agreement on employee rights in connection with discipline.   The Collective Bargaining Agreement provides the agreed process for discipline at the Bexar County Sheriff's Office. [50-58].

### iii. Conclusion

14.     Plaintiffs Original Complaint does not provide enough facts to state a claim to relief that are plausible on its face.  Plaintiffs' Original Complaint only makes general statements with no specific allegations against Bexar County or the Bexar County Sheriff's Office.   Bexar County prays that Plaintiffs' Motion for a Judgment on the pleadings be denied.

## II.   PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE DENIED

## LEGAL STANDARD FOR SUMMARY JUDGMENT

15.     Under Federal Rule of Civil Procedure 56(a), summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Jones v. New Orleans Reg'l Physician Hosp. Org., Inc.*, 981 F.3d 428, 432 (5th Cir. 2020); FED. R. CIV. P. 56(a). A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a

material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for either party. *Anderson,* 477 U.S. at 248.  The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 106 S.Ct. 1348, 1355-56 (1986). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ*., 80 F.3d 1042, 1047 (5th Cir. 1996). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  In the absence of any proof, the court will not assume the non-moving party could or would prove the necessary facts. *Id.*

## A.    Bexar County has participated in the Discovery Process

16.    Bexar County produced over 24,480 documents in this case.   Plaintiffs have the documents that were requested in their discovery.   The first batch of documents were served on March 15, 2023, including documents concerning the 201

Personnel Files of Plaintiffs and the documents concerning the payroll procedures of Bexar County. The second group of documents were served August 15, 2023, including Payroll Statements and status forms for certain Plaintiffs. The major documents were produced under each Plaintiff's names so the documents were easy to review.

17.   Bexar County will admit that the responses to the written discovery were not served with the document productions. This was an oversight and not to hide any documents from Plaintiffs.   In addition, Plaintiffs never once contacted Defendants' attorney about the written discovery nor did they file a Motion to Compel.

**i.       Depositions**

18.   The first request to "take a couple of 30(b)(6) deposition regarding duties and pay practices" was sent on November 9, 2023. The close of discovery was November 17. November 10th was Veteran's Day which this attorney spent with her Father.   The next week this attorney had a brief due on the 15th to the 5th Circuit and  a complicated civil service case that took two days, November 16-17.

19.   On November 15, this attorney sent an email to Plaintiffs' attorney that Bexar County would agree to extend the Scheduling Order.  Exhibit 1.

20.   On December 7, when Plaintiffs sent another request for deposition dates, Bexar County responded that discovery was closed and the parties had not

enter into a new Scheduling Order.  Exhibit 1.   Plaintiffs' attorney agreed to draft a

joint motion to extend but one was never sent.  [Doc. 38-12].  Defendants will agree

to produce Rule 30(b)(6) witnesses, but they must be done with a Scheduling Order

21.    However, no response was made although now Plaintiffs seem to be

indicate that they would agree to extend the Scheduling Order to complete discovery.

Bexar County would agree to this.

### ii.    Mediation

22.    Also, November 9, 2023. Plaintiffs proposed mediation with three

extremely expensive mediators.  Bexar County indicated early in this case that it

would discuss a resolution in this case.  However, Plaintiffs never made an offer to

settle or even made a request to meet to discuss the case.

23.    As Plaintiffs' attorney know, the request for paid compensation time

will be a significant amount of money.  Preparation for mediation or any type of

agreement in this case will require the participation of numerous departments in the

County including the Budget Department, the Auditor's Office and the Bexar

County Commissioners Court.  The first question from each of the groups will be

"what is the offer to settle?"   Bexar County cannot go into mediation without an

offer to settle.

### iii.    Request to Extend the Scheduling Order

24.    Plaintiffs have indicated that were willing to extend the Scheduling Order to for depositions.  Bexar County would assert that the Depositions would need to be complete and the completion of any outstanding discovery before the case can go to mediation.

25.    Bexar County would request leave from the Court that the Scheduling Order be extended for time to complete discovery, in 30(b)(6) depositions, to send an offer to settle and to proceed to mediation. Bexar County would propose the following deadlines:

Offer to Settle: April 26, 2024

Completion of Discovery June 28, 2024

Mediation: July 31, 2024

Dispositive Motions: August 12, 2024

This time frame would allow Bexar County to factor in any settlement into the budget process of Bexar County.   A jury trial, if needed, could be set at the Court's schedule.

**B.    Plaintiff's Motion for Partial Summary Judgment is Not Supported by Evidence and Should Be Denied.**

### i.    Plaintiffs Fail to Establish that They Have Stated A Claim Under the Fair Labor Standards Act.

26.     The Fair Labor Standards Act (FLSA) sets minimum wage, overtime pay, equal pay, recordkeeping and child labor standards for workers who are covered by the Act and not exempt from its requirements.   Plaintiffs have provided no evidence to support that they have stated a claim under the FSLA.

27.     The Plaintiffs have not provided evidence that every Plaintiff is an employee of Bexar County.   29 U.S.C. §203(e) (2) (C).

28.     The Plaintiff have not provided any evidence that they have worked extra hours over forty hours  in the performance of their duties.  *Tysen Foods, Inc. v. Bouaphakeo*, 577 U.S. 422, 136 S.Ct 1036 (2016)("To be entitled to recovery, however,  each employee must prove that  the  amount  of  time  spent  donning  and doffing, when added to his or her regular hours, amounted to more than 40 hours in a given week."), Miller v. Travis County, Texas, 953 F.3d 817 (5th Cir. 2020)(The parties stipulated that the lieutenants had stated a claim under the FSLA, ….)

29.     The Plaintiffs have not provided evidence that they were not paid overtime for those hours, if any.

30.     The law provides that the Employer bears the burden in establishing an exception.  However, the Plaintiff Employees must still provide evidence that  that the FSLA should be applied to them.    Therefore, a motion for summary judgment is not appropriate at this time and the case should be presented to a jury,.

### ii.    Evidence Has Been Produced to Support that Plaintiffs are either Executive or Administrative Employees.

31.    Plaintiffs' main support for this case is *Miller v. Travis County, Texas*, 953 F.3d 817  (5th Cir. 2020).  In *Miller*, the 5th Circuit affirmed the decision made by the Jury.    This case only addressed lieutenants  - not Captains.   The jury determined that the county had not shown that the lieutenants' recommendation as to other employees were given "a particular weight" or that their primary duties were management.  *Id*. at 818.    While Travis County has a civil service system, there was no reference to a Collective Bargaining agreement.   *Id*. at 818.

32.    The Collective Bargaining Agreement between the Deputy Sheriff's Association of Bexar County and the Sheriff of Bexar County and the County of Bexar, Texas (December 23, 2026 to September 30, 2020 has been filed with the Court [Doc 9-1].  The Collective Bargaining Agreement is a matter of public record.

The Collective Bargaining Agreement provides;

The parties agree that both the efficient and uninterrupted performance of the functions of the Sheriff's Office and the establishment of fair and reasonable compensation and working conditions for the Members of the Bargaining Unit are primary purposes of the Agreement.

[Doc. 9-1, page 5.]

The Collective Bargaining Agreement provides that "Member" means all Bexar County Deputy Sheriffs.   Therefore, if a Plaintiff is a Bexar County Deputy Sheriff, he or she are subject the Collective Bargaining Agreement.

33.     While a Collective Bargaining Agreement cannot waive rights under the FSLA, the Collective Bargaining Agreement may address issues concerning the management of the Bexar County Sheriff's Office, including hiring, firing and discipline.   The Collective Bargaining Agreement specifically states:

> The Association recognizes the traditional and existing prerogatives of the County and the Sheriff to operate and maintain their respective functions as authorized by law, including but not limited to the following rights, subject to the terms of this agreement,  The Sheriff shall retain all rights and authority to which, by law, is her responsibility to enforce.
> *** ***

> B.     Hiring. Promote, demote, transfer, assign, and retain employees in positions with the County and the Sheriff's Office as provided under this Agreement and by applicable laws and Civil Service Rules.

[Doc.9-1. Page 7]

34.     Therefore, the Bexar County Collective Bargaining Agreement states the  provisions for hiring, promoting, demoting, transfer, assignments and retaining employees in positions with the Bexar County Sheriff's Office "as provided under the Collective Bargaining Agreement and by applicable laws and the Civil Service Rules."   [Doc. 9-1, page 7] The Collective Bargaining Agreement provides the agreed process for Hiring at the Bexar County Sheriff's Office.  [Doc 9-1, Pages 49-50].   The Bexar County Collective Bargaining Agreement provides the agreed process for terminating a person employment with the Bexar County Sheriff's Office.   [Doc. 9-1, 50-58] The Collective Bargaining Agreement provides that Supervisory personnel may impose disciplinary action against any employee for an

unexcused failure or refusal to work/or perform his/her assigned duties, subject to the provision of the Collective Bargaining Agreement on employee rights in connection with discipline.    The Collective Bargaining Agreement provides the agreed process for discipline at the Bexar County Sheriff's Office. [Doc 9-1, pages 50-58].

35.    The Collective Bargaining Agreement states that Lieutenants in Law Enforcement receive "Supervisory Duty Differential Pay". [Doc 9-1, page 21].  This provision would indicate that Lieutenants in law enforcement are Supervisors and part of management.   As indicated above, the Plaintiffs have not been identified by rank or the bureau they work in.    Since the Plaintiffs have not been identified by the bureau they work in, for the purposes of this Motion for Summary judgment. Court should consider that all lieutenants in the case are law enforcement.

36.    The Parties to the lawsuit have agreed to the method to be used for the hiring and firing issues at the Bexar County Sheriff's Office.   The Plaintiffs will be involved in the process but the procedures agreed to in the Collective Bargaining Agreement take precedence.

Plaintiffs have not provided evidence to support a Motion for a Partial Summary Judgment on Liability and said Motion should be denied.

THEREFORE THE REASON STATED ABOVE, Bexar County prays that Plaintiffs' Motion for Partial Judgment on the Pleadings or, Alternatively for Partial Summary Judgment as to Liability should be denied and, in the proper time, the case should proceed to trial.  Bexar County further prays that the Scheduling Order be extended and that it be permitted to file an Amended Answer.  Bexar County further prays for such other relief to which it may be entitled, whether at law or equity.

Respectfully submitted,

JOE D. GONZALES
Criminal District Attorney
Bexar County, Texas

BY:\s\ *Susan A. Bowen*
SUSAN A. BOWEN
State Bar No. 02725950
Asst. Criminal District Attorney
Civil Division
101 W. Nueva  4th Floor
San Antonio, Texas 78205
Telephone No.: (210) 335-2139
TeleFax No.: (210) 335-2773
Email: sbowen@bexar.org

## <u>CERTIFICATE OF ELECTRONIC FILING AND SERVICE</u>

I do hereby certify on the 20TH day of February 2024, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system which will send notification of such filing to the Plaintiff's Attorney of Record:

Melissa Moore
Moore & Associates
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1055

*Susan A. Bowen*
SUSAN A. BOWEN