UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AUGUSTIN PRUNEDA, Individually and On Behalf of All Others Similarly Situated, BRIAN BARRICK, BRIAN CURTIS, CHRISTOPHER MOLLEDA and DARRELL SANDERS, § § § § § | | |
| *Plaintiff(s),* § | | |
| v. § | CIVIL ACTION NO. 5:22-CV-00104 | |
| § | JKP (HJB0 | |
| BEXAR COUNTY, TEXAS, § | | |
| *Defendant(s),* § § § § § | | |

# DEFENDANT BEXAR COUNTY'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE PULLIUM AND UNITED STATES MAGISTRATE JUDGE HENRY J. BEMPORAD**

Now Comes Bexar County to file this its Answer and Affirmative Defenses.

Bexar County would show the Plaintiffs and Court as follows:

**ANSWER**

**I. Nature of the Suit**

1. Bexar County admits paragraph 1.

2. Bexar County admits paragraph 2.

1

3. Bexar County admits paragraph 3.

4. Bexar County denies paragraph 4.

5. Bexar County denies Paragraph 5.

6. Bexar County admits paragraph 6.

7. Bexar County admits paragraph 7.

## II. Jurisdiction & Venue

8. Bexar County admits paragraph 8.

9. Bexar County admits paragraph 9.

## III. Parties

10. Bexar County admits paragraph 10.

11. Bexar County admits paragraph 11.

## IV. Facts

12. Bexar County admits paragraph 12.

13. Bexar County admits paragraph 13.

14. Bexar County admits paragraph 14.

15. Bexar County admits paragraph 15 although it is not a complete description of the duties of Bexar County Deputy Sheriff Lieutenants and Captains.

16. Bexar County admits that the majority of Bexar County Deputy Sheriffs are required to track their hours and receive comp time or discretionary time.

17. Bexar County denies paragraph 17.

18. Bexar County admits that Plaintiffs' time sheets should indicate the number of hours each deputy sheriff works.

19. Bexar County that Plaintiffs' time sheets should indicate the number of hours each deputy sheriff works.

20. Bexar County admits paragraph 20.

21. Bexar County admits paragraph 21.

22. Bexar County admits paragraph 22.

23. Bexar County admits paragraph 23.

24. Bexar County denies paragraph 24.

25. Bexar County denies paragraph 25.

26. Bexar County denies paragraph 26.

27. Bexar County denies paragraph 27.

28. Bexar County denies paragraph 28.

**V. Count One – Failure to Pay Overtime in Violation of 29 U.S.C.**

28. Bexar County incorporates by reference all admissions, denials, and averments that it lacks sufficient information and knowledge with respect to the allegations incorporated by Plaintiff in paragraph 28.

29. Bexar County denies paragraph 29.

30. Bexar County denies paragraph 30.

31. Bexar County admits paragraph 31.

32. Bexar County admits that Plaintiffs were given discretionary time of one hour per hour worked.

33. Bexar County denies paragraph 33.

34. Bexar County denies paragraph 34.

**VI. Count Two – Failure to Award Compensatory Time Off in Violation of 29 U.S.C. §207(o)(1)**

35. Bexar County incorporates by reference all admissions, denials, and averments that it lacks sufficient information and knowledge with respect to the allegations incorporated by Plaintiff in paragraph 235

4

36. Bexar County denies paragraph 36.

37. Bexar County admits paragraph 37.

38. Bexar County admits paragraph 38.

39. Bexar County denies paragraph 39.

**VII – County Three – Failure to Pay Overtime Compensation after Accruing 240 Hours of Compensatory Time Off in Violations of 29 U.S.C. § 207 (o)(3)**

40. Bexar County incorporates by reference all admissions, denials, and averments that it lacks sufficient information and knowledge with respect to the allegations incorporated by Plaintiff in paragraph 40.

41. Bexar County denies paragraph 41, as applied to the Bexar County Sheriff's Office.

42. Bexar County admits paragraph 42.

43. Bexar County denies paragraph 43.

**VIII. Court Four – Failure to Pay for Unused Compensatory Time Off Upon Termination of Employment in Violation of 29 U.S.C. §207 (o)(4)**

44. Bexar County incorporates by reference all admissions, denials, and averments that it lacks sufficient information and knowledge with respect to the allegations incorporated by Plaintiff in paragraph 44.

5

45. Bexar County admits paragraph 4. regarding non-exempt employees.

46. Bexar County admits that discretionary time is not paid out at the time of termination of employment.

**IX.   County Five – Willful Violation of the FSLA under 29 U.S.C. § 255 (a)**

47. Bexar County incorporates by reference all admissions, denials, and averments that it lacks sufficient information and knowledge with respect to the allegations incorporated by Plaintiff in paragraph 47.

48. Bexar County denies paragraph 48.

49. Bexar County denies paragraph 49.

50. Bexar County denies said paragraph.

**X. County Six – Collective Action Allegations Under 29 U.S.C. §216 (b)**

51. Bexar County incorporates by reference all admissions, denials, and averments that it lacks sufficient information and knowledge with respect to the allegations incorporated by Plaintiff in paragraph 51.

52. Bexar County denies paragraph 52.

53. Bexar County denies paragraph 53.

54. Bexar County denies paragraph 54.

55. Bexar County admits that the Court has certified a class.

56. Bexar County admits that the Court has certified a class.

57. Bexar County denies paragraph 57.

58. Bexar County cannot deny or admits the actions or ability of Plaintiffs' attorney.

**XI. County Seven – Liquidated Damages, Attorney's Fees & Costs under 29 U.S.C. §21 6 (b)**

59. Bexar County incorporates by reference all admissions, denials, and averments that it lacks sufficient information and knowledge with respect to the allegations incorporated by Plaintiff in paragraph 59.

60. Bexar County denies paragraph 60.

61. Bexar County denies paragraph 61.

62. Bexar County admits paragraph 62.

63. Bexar County denies paragraph 63.

64. Bexar County has insufficient information or knowledge to admit or deny this allegation.

65. Bexar County denies paragraph 65.

66. Bexar County denies paragraph 66.

**XII – Relief Sought**

67. Bexar County is not required to admit or deny Plaintiffs' Request for Damages.

**BEXAR COUNTY AFFIRMATIVE DEFENSES**

68. As stated in Plaintiffs' Original Complaint, Bexar County designates the positions of Bexar County Sheriff's Office Lieutenants and Captains as exempt employees.

69. Bexar County asserts the administrative exemption regarding the Detention Captains of the Bexar County Sheriff's Office. Bexar County Sheriff's Office Captains spend more than 20 percent of his/her working time in nonexempt activities and therefore should not considered to be an employee engaged in law enforcement activities.

70. Bexar County asserts the Executive Exception regarding the Detention Captains of the Bexar County Sheriff's Office. The Captains' main job duties are the management of the BCSO and addressing policy issues. Captains regularly and customarily direct the work of at least two full-time employees. Captains have the authority and significant input in hiring, firing and disciplining

employees in accordance with the Bexar County Collective Bargaining Agreement.

71. Bexar County asserts the administrative exemption regarding the Law Enforcement Captains of the Bexar County Sheriff's Office. Bexar County Sheriff's Office Captains spend more than 20 percent of his/her working time in nonexempt activities and therefore should not considered to be an employee engaged in law enforcement activities.

72. Bexar County asserts the Executive Exception regarding the Law Enforcement Captains of the Bexar County Sheriff's Office. The Captains' main job duties are the management of the BCSO and addressing policy issues. Captains regularly and customarily direct the work of at least two full-time employees. Captains have the authority and significant input in hiring, firing and disciplining employees in accordance with the Bexar County Collective Bargaining Agreement.

73. Bexar County asserts the Executive Exception regarding the Detention Lieutenants of the Bexar County Sheriff's Office. The Lieutenants' main job duties are the management of the Bexar County Adult Detention Center. Lieutenants regularly and customarily direct the work of at least two full-time employees. Lieutenants have the authority and significant input in firing and

disciplining employees in accordance with the Bexar County Collective Bargaining Agreement.

74. Bexar County asserts the Executive Exception regarding the Law Enforcement Lieutenants of the Bexar County Sheriff's Office. The Lieutenants' main job duties are the management of Law Enforcement activities in Bexar County. Lieutenants regularly and customarily direct the work of at least two full-time employees. Lieutenants have the authority and significant input in hiring, firing and disciplining employees in accordance with the Bexar County Collective Bargaining Agreement.

69. Bexar County acted in good faith determining the exempt status of the Plaintiffs and concerning pay for the employees of the Sheriff's Office. Bexar County Deputy Sheriffs have multiple methods to contest pay issues before filing a lawsuit. In addition, Caselaw and DOL opinion support that Law Enforcement Lieutenants and Captains are exempt employees.

70. Bexar County has a payroll system and a system for Plaintiffs to record their hours worked. Bexar County will question if the Plaintiffs have accurately recorded their hours.

THEREFORE, FOR THE REASONS STATED ABOVE, Defendant Bexar County respectfully pray that upon final hearing hereof, that Plaintiffs be denied any relief at all against it, and further, that Bexar County go hence with its costs, including reasonable attorney's fees incurred in defending this cause, and that they have such other and further relief to which they may be entitled.

Respectfully submitted,

JOE D. GONZALES
Bexar County Criminal District Attorney

By: /S/ Susan A. Bowen

SUSAN A. BOWEN

State Bar No. 02725950
Assistant District Attorney

101 W. Nueva, 7th Floor

San Antonio, Texas 78205

Telephone:  (210) 335-2147

Telecopier:  (210) 335-2773

Attorney for Bexar County

## **CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I do hereby certify on the 22[th] day of February, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system which will send notification of such filing to the Plaintiff's Attorney of Record:

Melissa Moore
Moore & Associates
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1055

*Susan A. Bowen*
SUSAN A. BOWEN