UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AUGUSTIN PRUNEDA, Individually and On Behalf of All Others Similarly Situated, BRIAN BARRICK, BRIAN CURTIS, CHRISTOPHER MOLLEDA and DARRELL SANDERS, | § § § § | |
| *Plaintiff(s),* | § | CIVIL ACTION NO. 5:22-cv-00104 |
| v. | § | |
| | § | |
| BEXAR COUNTY, TEXAS, | § | |
| *Defendant(s),* | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## <u>DEFENDANT BEXAR COUNTY'S ADVISORY TO THE COURT</u>

**TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE HENRY J. BEMPORAD**

Now Comes Bexar County to file this advisory with the Court:

## PLAINTIFFS' RULE 26 (a)(1) DISCLOSURES HAVE BEEN PRODUCED

1. Plaintiff's provided Plaintiff's Rule 26 (a)(1) Disclosures that are stated to have been mailed mailed to Defendant on or about December 16, 2022. See attached. The Rule 26 (a)(1) Disclosures are stated to have been included in the production of 75 Sets of Discovery.

2.     Plaintiffs' witnesses are each of the Plaintiffs.  They are stated to have information regarding the nature of their claims against Defendant, including

Job Duties, work schedule and damages claim.   The designation of this knowledge indicated that the Plaintiffs were aware that Bexar County considered their position as exempt based on their job duties.

3.      After receiving the Schedule 26 (a)(1) Disclosure yesterday, Defendant asked if any documents had been produced.  Plaintiffs' response to the Rule 26 (a)(1) disclosures had indicated that Plaintiffs would produce all documents, electronically stored information, and tangible things currently in their possession, custody or control that may be used to support their claims or defenses. It is not unreasonable to think that one or more of the Plaintiffs may have provided documents to their attorney.  The response received indicates that Plaintiffs' do not have any information, but might have, if written discovery had been sent:

No, because just like in every other employment case, specifically wage and hour cases, the Plaintiff has very little or no discoverable information and Defendants, the employer, has access to large amounts of discoverable information that will assist the trier of fact in determining the issues at stake. *See*, 2015 Advisory committee notes to FRCP 26 at ¶ 26; 29 U.S.C. § 211 (c) (employer required to keep time and pay records); 29 C.F.R. pt. 516 (describing records required to be kept by employer). Additionally, in cases of "information asymmetry," such as this matter, the burden of responding to discovery is heavier on the party who has more information. *Id.*  I will also note that Defendant failed to ever serve discovery upon the Plaintiffs.

4.      In response to Rule 26(a)(1) A (iii), a computation of each category of damages, Plaintiffs responded "Plaintiff will supplement".

**DEFENDANT'S RESPONSES TO DISCOVERY HAVE BEEN PRODUCED**

5.    The following discovery was hand delivered to Mr. Hesse on March 27, 2024:

1.    Bexar County's Responses to each of Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production

2.    Bexar County's Rule 26 (a)(1) Disclosures

3.    Bexar County's Responses to Request for Admissions, previously served March 19, 2023.

4.    Additional Documents Responsive to Plaintiffs' Requests, 024758-025685

Respectfully submitted,

JOE D. GONZALES
Criminal District Attorney
Bexar County, Texas

BY:\s\ *Susan A. Bowen*
SUSAN A. BOWEN
State Bar No. 02725950
Asst. Criminal District Attorney
Civil Division
101 W. Nueva  4th Floor
San Antonio, Texas 78205
Telephone No.: (210) 335-2139
TeleFax No.: (210) 335-2773
Email: sbowen@bexar.org

## <u>CERTIFICATE OF ELECTRONIC FILING AND SERVICE</u>

I do hereby certify on the 28th  day of March 2021, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system which will send notification of such filing to the Plaintiff's Attorney of Record:

Melissa Moore
Moore & Associates
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1055

*Susan A. Bowen*
SUSAN A. BOWEN

| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISION |

AUGUSTIN PRUNEDA, Individually
and On Behalf of All Others Similarly
Situated,

        *Plaintiff(s)*,

v.

BEXAR COUNTY, TEXAS

        *Defendant(s)*.

§
§
§
§
§
§
§
§
§
§
§
§

No. 5:22-cv-00104

## PLAINTIFFS' RULE 26(a)(1) DISCLOSURES

To:    Bexar County, Texas
        c/o Susan A. Bowen
        BEXAR COUNTY, TEXAS
        CIVIL DIVISION
        101 W. Nueva, 4th Floor
        San Antonio, Texas 78205

As required by Rule 26(a)(1), Plaintiff Augustin Pruneda, Individually, and on behalf

of all others similarly situated provides the following information:

### Individuals Likely to Have Discoverable Information

The names and, if known, the addresses of individuals likely to have discoverable

information—along with the subjects of that information—that Plaintiff may use to support

their claims or defenses are:

        1.  Augustin Pruneda
            c/o MOORE & ASSOCIATES
            440 Louisiana St., Suite 1110

Houston, Texas 77002

Mr. Pruneda has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

2.  Abraham Abraham
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

Mr. Abraham has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

3.  Angela Freveletti
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

Ms. Freveletti has information regarding the nature of her claims against Defendant, including her job duties, work schedule, and damages claimed.

4.  Arnold Martinez
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

Mr. Martinez has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

5.  Avery Walker
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

Mr. Walker has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

6.  Belinda Flood
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

Ms. Flood has information regarding the nature of her claims against Defendant, including her job duties, work schedule, and damages claimed.

7. Billy Blanco
   c/o MOORE & ASSOCIATES
   440 Louisiana St., Suite 1110
   Houston, Texas 77002

   Mr. Blanco has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

8. Brian Barabasz
   c/o MOORE & ASSOCIATES
   440 Louisiana St., Suite 1110
   Houston, Texas 77002

   Mr. Barabasz has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

9. Brian Curtis
   c/o MOORE & ASSOCIATES
   440 Louisiana St., Suite 1110
   Houston, Texas 77002

   Mr. Curtis has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

10. Charles Cagle
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

    Mr. Cagle has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

11. Christopher Molleda
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

Mr. Molleda has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

12. Christopher Walsh
   c/o MOORE & ASSOCIATES
   440 Louisiana St., Suite 1110
   Houston, Texas 77002

Mr. Walsh has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

13. Darrell Sanders
   c/o MOORE & ASSOCIATES
   440 Louisiana St., Suite 1110
   Houston, Texas 77002

Mr. Sanders has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

14. Darren Williams
   c/o MOORE & ASSOCIATES
   440 Louisiana St., Suite 1110
   Houston, Texas 77002

Mr. Williams has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

15. Dawn Pena
   c/o MOORE & ASSOCIATES
   440 Louisiana St., Suite 1110
   Houston, Texas 77002

Ms. Pena has information regarding the nature of her claims against Defendant, including her job duties, work schedule, and damages claimed.

16. Diana Rodriguez
   c/o MOORE & ASSOCIATES
   440 Louisiana St., Suite 1110
   Houston, Texas 77002

Ms. Rodriguez has information regarding the nature of her claims against Defendant, including her job duties, work schedule, and damages claimed.

17. Eva Adams
c/o MOORE & ASSOCIATES
440 Louisiana St., Suite 1110
Houston, Texas 77002

Ms. Adams has information regarding the nature of her claims against Defendant, including her job duties, work schedule, and damages claimed.

18. Janette Torres
c/o MOORE & ASSOCIATES
440 Louisiana St., Suite 1110
Houston, Texas 77002

Ms. Torres has information regarding the nature of her claims against Defendant, including her job duties, work schedule, and damages claimed.

19. Jeremy Payne
c/o MOORE & ASSOCIATES
440 Louisiana St., Suite 1110
Houston, Texas 77002

Mr. Payne has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

20. Jesika Jones
c/o MOORE & ASSOCIATES
440 Louisiana St., Suite 1110
Houston, Texas 77002

Ms. Jones has information regarding the nature of her claims against Defendant, including her job duties, work schedule, and damages claimed.

21. Katherine Guerra
c/o MOORE & ASSOCIATES
440 Louisiana St., Suite 1110
Houston, Texas 77002

Ms. Guerra has information regarding the nature of her claims against Defendant, including her job duties, work schedule, and damages claimed.

22. Keith Goodell
c/o MOORE & ASSOCIATES
440 Louisiana St., Suite 1110
Houston, Texas 77002

Mr. Goodell has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

23. Keith Klepac
c/o MOORE & ASSOCIATES
440 Louisiana St., Suite 1110
Houston, Texas 77002

Mr. Klepac has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

24. Lance Spengler
c/o MOORE & ASSOCIATES
440 Louisiana St., Suite 1110
Houston, Texas 77002

Mr. Spengler has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

25. Mark Padilla
c/o MOORE & ASSOCIATES
440 Louisiana St., Suite 1110
Houston, Texas 77002

Mr. Padilla has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

26. Michelle Reyes
c/o MOORE & ASSOCIATES
440 Louisiana St., Suite 1110
Houston, Texas 77002

Ms. Reyes has information regarding the nature of her claims against Defendant, including her job duties, work schedule, and damages claimed.

27. Onesimo Salvidar
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

    Mr. Salvidar has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

28. Raymond Pollard
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

    Mr. Pollard has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

29. Reginald Worlds
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

    Mr. Worlds has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

30. Ronald Tooke
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

    Mr. Tooke has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

31. Roxanne Mathai
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

Ms. Mathai has information regarding the nature of her claims against Defendant, including her job duties, work schedule, and damages claimed.

32. Samantha Perez
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

    Ms. Perez has information regarding the nature of her claims against Defendant, including her job duties, work schedule, and damages claimed.

33. Sandra Esquivel
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

    Ms. Esquivel has information regarding the nature of her claims against Defendant, including her job duties, work schedule, and damages claimed.

34. Steven Cartwright
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

    Mr. Cartwright has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

35. Timothy Walston
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

    Mr. Walston has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

36. Tony Guist
    c/o MOORE & ASSOCIATES
    440 Louisiana St., Suite 1110
    Houston, Texas 77002

Mr. Guist has information regarding the nature of his claims against Defendant, including his job duties, work schedule, and damages claimed.

37. Melissa Moore
c/o MOORE & ASSOCIATES
440 Louisiana St., Suite 1110
Houston, Texas 77002

Ms. Moore has information regarding the attorney's fees incurred by Plaintiffs.

38. Curt Hesse
c/o MOORE & ASSOCIATES
440 Louisiana St., Suite 1110
Houston, Texas 77002

Mr. Hesse has information regarding the attorney's fees incurred by Plaintiffs.

39. Bexar County, Texas
c/o Susan A. Bowen
BEXAR COUNTY, TEXAS
CIVIL DIVISION
101 W. Nueva, 4th Floor
San Antonio, Texas 78205

Bexar County, Texas has knowledge of the facts that made the basis of this suit.

40. Past and present employees, managers and officers of Defendants.

Past and present employees, managers and officers of Defendant have information regarding (1) the employment relationship between Plaintiff and Defendants, including their job duties, work schedule, dates of employment, etc.; (2) Defendants history of wage and hour violations and (3) Defendant's affirmative and other defenses.

FED. R. CIV. P. 26(a)(1)(A)(i).  Additionally, Plaintiff may seek discovery from or use to

supply evidence on a motion, at a hearing, or at a trial, the witnesses made known by any other

party through disclosures, during the discovery process or in writing, regardless of whether the information was supplemented, amended or withdrawn. *See, e.g.*, FED. R. CIV. P. 26(e)(1)(A) & 1993 advisory committee's note ¶ 22. However, they reserve the right to object to the witnesses made known by other parties. The information provided in this section is subject to the limitations in the Federal Rules of Civil Procedure and set forth below.

### Documents, Electronically Stored Information & Tangible Things

Plaintiff will produce all documents, electronically stored information, and tangible things currently in their possession, custody, or control that may be used to support their claims or defenses. FED. R. CIV. P. 26(a)(1)(A)(ii). Additionally, Plaintiff may seek discovery regarding or use to supply evidence on a motion, at a hearing, or at a trial all documents, electronically stored information, and tangible things made known by other parties through disclosures, during the discovery process or in writing, regardless of whether the information was supplemented, amended, or withdrawn. *See, e.g.*, FED. R. CIV. P. 26(e)(1)(A) & 1993 advisory committee's note ¶ 22. However, they reserve the right to object to the documents, electronically stored information, and tangible things made known by other parties. The information provided in this section is subject to the limitations in the Federal Rules of Civil Procedure and set forth below.

### Damages

Plaintiff will supplement.

## Insurance Agreement(s)

Plaintiff does not possess any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

## Limitations

These disclosures are based on information reasonably available to Plaintiff at the time the disclosures are made and may not necessarily include information (1) that would be solely for impeachment; (2) that has otherwise been made known during the discovery process or in writing or (3) in the possession of another party or person. FED. R. CIV. P. 26(a)(1)(A)(i)-(iv), 26(a)(1)(E), 26(e)(1)(A) & 1993 advisory committee note ¶ 10. Additionally, Plaintiff reserves the right to supplement these disclosures and to use to supply evidence on a motion, at a hearing, or at a trial any information the need for which could not have been reasonably anticipated. FED. R. CIV. P. 26(a)(1)(E), 26(e); *see also*, FED. R. CIV. P. 26 1993 advisory committee note ¶¶ 21, 24; *see also*, *NCN Lending, LLC v. Cook*, No. H-10-483, 2010 U.S. Dist. LEXIS 131463, at *9 (S.D. Tex. Dec. 13, 2010) (recognizing that Rule 26(a)(1) anticipates supplemental disclosures with ever-greater level of detail). Finally, nothing in these disclosures may be construed as an offer of settlement.

Respectfully Submitted,

MOORE & ASSOCIATES

By: _____
Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Ste 1110
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

As required by Rule 5(a)(1)(C), I certify that I served this document on all parties or their attorney(s) of record, who are listed below, on December 16, 2023, in accordance with Rule 5(b):

> Bexar County, Texas
> c/o Susan A. Bowen
> BEXAR COUNTY, TEXAS
> 101 W. Nueva, 4th Floor
> San Antonio, Texas 78205
> *Attorney for Defendants*
>
> ☒ mail
> ☐ personal delivery
> ☐ leaving it at ☐ office ☐ dwelling
> ☐ leaving it with court clerk
> ☐ electronic means
> ☐ other means
> ☐ CM/ECF system

_____
Melissa Moore

# MOORE & ASSOCIATES



LYRIC CENTRE
440 LOUISIANA, STE. 1110 HOUSTON, TEXAS 77002
TEL.: (713) 222-6775 FAX: (713) 222-6739
LAWANNA@MOOREANDASSOCIATES.NET
WWW.MOOREANDASSOCIATES.NET

December 16, 2022

*Via Priority Mail*

Susan A. Bowen
ADAM AND REESE LLP
101 W. Nueva, 4th Floor
San Antonio, Texas 78205

     Re:    Civil Action No. 5:22-cv-00104; *Augustin Pruneda, et al. v. Bexar County, Texas;* In the U.S. District Court for the Western District of Texas, San Antonio Division.

Dear Ms. Bowen,

     Enclosed, please find the below listed items in connection with the above referenced matter:

1. Plaintiffs' Rule 26(a)(1) Disclosures;
2. Plaintiff Augustin Pruneda's First Request for Production to Defendant Bexar County, Texas;
3. Plaintiff Augustin Pruneda's First Set of Interrogatories to Defendant Bexar County, Texas;
4. Plaintiff Augustin Pruneda's First Requests for Admission to Defendant Bexar County, Texas.
5. Plaintiff Abraham Abraham's First Request for Production to Defendant Bexar County, Texas;
6. Plaintiff Abraham Abraham's First Set of Interrogatories to Defendant Bexar County, Texas;
7. Plaintiff Eva Adams' First Request for Production to Defendant Bexar County, Texas;
8. Plaintiff Eva Adams' First Set of Interrogatories to Defendant Bexar County, Texas;

9.  Plaintiff Brian Barabasz's First Request for Production to Defendant Bexar County, Texas;

10. Plaintiff Brian Barabasz's First Set of Interrogatories to Defendant Bexar County, Texas;

11. Plaintiff Brian Barrick's First Request for Production to Defendant Bexar County, Texas;

12. Plaintiff Brian Barrick's First Set of Interrogatories to Defendant Bexar County, Texas;

13. Plaintiff Billy Blanco's First Request for Production to Defendant Bexar County, Texas;

14. Plaintiff Billy Blanco's First Set of Interrogatories to Defendant Bexar County, Texas;

15. Plaintiff Charles Cagle's First Request for Production to Defendant Bexar County, Texas;

16. Plaintiff Charles Cagle's First Set of Interrogatories to Defendant Bexar County, Texas;

17. Plaintiff Steven Cartwright's First Request for Production to Defendant Bexar County, Texas;

18. Plaintiff Steven Cartwright's First Set of Interrogatories to Defendant Bexar County, Texas;

19. Plaintiff Brian Curtis' First Request for Production to Defendant Bexar County, Texas;

20. Plaintiff Brian Curtis' First Set of Interrogatories to Defendant Bexar County, Texas;

21. Plaintiff Sandra Esquivel's First Request for Production to Defendant Bexar County, Texas;

22. Plaintiff Sandra's Esquivel's First Set of Interrogatories to Defendant Bexar County, Texas;

23. Plaintiff Belinda Flood's First Request for Production to Defendant Bexar County, Texas;

24. Plaintiff Belinda Flood's First Set of Interrogatories to Defendant Bexar County, Texas;

25. Plaintiff Angela Freveletti's First Request for Production to Defendant Bexar County, Texas;

26. Plaintiff Angela Freveletti's First Set of Interrogatories to Defendant Bexar County, Texas;

27. Plaintiff Keith Goodell's First Request for Production to Defendant Bexar County, Texas;

28. Plaintiff Keith Goodell's First Set of Interrogatories to Defendant Bexar County, Texas;

29. Plaintiff Katherine Guerra's First Request for Production to Defendant Bexar County, Texas;

30. Plaintiff Katherine Guerra's First Set of Interrogatories to Defendant Bexar County, Texas;

31. Plaintiff Tony Guist's First Request for Production to Defendant Bexar County, Texas;

32. Plaintiff Tony Guist's First Set of Interrogatories to Defendant Bexar County, Texas;

33. Plaintiff Jesika Jones' First Request for Production to Defendant Bexar County, Texas;

34. Plaintiff Jesika Jones' First Set of Interrogatories to Defendant Bexar County, Texas;

35. Plaintiff Keith Klepac's First Request for Production to Defendant Bexar County, Texas;

36. Plaintiff Keith Klepac's First Set of Interrogatories to Defendant Bexar County, Texas;

37. Plaintiff Arnold Martinez' First Request for Production to Defendant Bexar County, Texas;

38. Plaintiff Arnold Martinez' First Set of Interrogatories to Defendant Bexar County, Texas;

39. Plaintiff Roxanne Mathai's First Request for Production to Defendant Bexar County, Texas;

40. Plaintiff Roxanne Mathai's First Set of Interrogatories to Defendant Bexar County, Texas;

41. Plaintiff Christopher Molleda's First Request for Production to Defendant Bexar County, Texas;

42. Plaintiff Christopher Molleda's First Set of Interrogatories to Defendant Bexar County, Texas;

43. Plaintiff Mark Padilla's First Request for Production to Defendant Bexar County, Texas;

44. Plaintiff Mark Padilla's First Set of Interrogatories to Defendant Bexar County, Texas;

45. Plaintiff Jeremy Payne's First Request for Production to Defendant Bexar County, Texas;

46. Plaintiff Jeremy Payne's First Set of Interrogatories to Defendant Bexar County, Texas;

47. Plaintiff Dawn Pena's First Request for Production to Defendant Bexar County, Texas;

48. Plaintiff Dawn Pena's First Set of Interrogatories to Defendant Bexar County, Texas;

49. Plaintiff Samantha Perez' First Request for Production to Defendant Bexar County, Texas;

50. Plaintiff Samantha Perez' First Set of Interrogatories to Defendant Bexar County, Texas;

51. Plaintiff Raymond Pollard's First Request for Production to Defendant Bexar County, Texas;

52. Plaintiff Raymond Pollard's First Set of Interrogatories to Defendant Bexar County, Texas;

53. Plaintiff Michelle Reyes' First Request for Production to Defendant Bexar County, Texas;

54. Plaintiff Michelle Reyes' First Set of Interrogatories to Defendant Bexar County, Texas;

55. Plaintiff Diana Rodriguez' First Request for Production to Defendant Bexar County, Texas;

56. Plaintiff Diana Rodriguez' First Set of Interrogatories to Defendant Bexar County, Texas;

57. Plaintiff Onesimo Saldivar's First Request for Production to Defendant Bexar County, Texas;

58. Plaintiff Onesimo Saldivar's First Set of Interrogatories to Defendant Bexar County, Texas;

59. Plaintiff Darrell Sanders' First Request for Production to Defendant Bexar County, Texas;

60. Plaintiff Darrell Sanders' First Set of Interrogatories to Defendant Bexar County, Texas;

61. Plaintiff Lance Spengler's First Request for Production to Defendant Bexar County, Texas;

62. Plaintiff Lance Spengler's First Set of Interrogatories to Defendant Bexar County, Texas;

63. Plaintiff Ronald Tooke's First Request for Production to Defendant Bexar County, Texas;

64. Plaintiff Ronald Tooke's First Set of Interrogatories to Defendant Bexar County, Texas;

65. Plaintiff Janette Torres' First Request for Production to Defendant Bexar County, Texas;

66. Plaintiff Janette Torres' First Set of Interrogatories to Defendant Bexar County, Texas;

67. Plaintiff Avery Walker's First Request for Production to Defendant Bexar County, Texas;

68. Plaintiff Avery Walker's First Set of Interrogatories to Defendant Bexar County, Texas;

69. Plaintiff Christopher Walsh's First Request for Production to Defendant Bexar County, Texas;

70. Plaintiff Christopher Walsh's First Set of Interrogatories to Defendant Bexar County, Texas;

71. Plaintiff Timothy Walston's First Request for Production to Defendant Bexar County, Texas;

72. Plaintiff Timothy Walston's First Set of Interrogatories to Defendant Bexar County, Texas;

73. Plaintiff Darren Williams' First Request for Production to Defendant Bexar County, Texas;

74. Plaintiff Darren Williams' First Set of Interrogatories to Defendant Bexar County, Texas;

75. Plaintiff Reginald Worlds' First Request for Production to Defendant Bexar County, Texas;

76. Plaintiff Reginald Worlds' First Set of Interrogatories to Defendant Bexar County, Texas;

Should you have any questions or concerns, please do not hesitate to contact our office at your earliest convenience.  Thank you.

Respectfully,

LaWanna Reed

Encls: As stated

*Cut on dotted line.*

## Instructions

1. Each Click-N-Ship® label is unique. Labels are to be used as printed and used only once. DO NOT PHOTO COPY OR ALTER LABEL.

2. Place your label so it does not wrap around the edge of the package.

3. Adhere your label to the package. A self-adhesive label is recommended. If tape or glue is used, DO NOT TAPE OVER BARCODE. Be sure all edges are secure.

4. To mail your package with PC Postage®, you may schedule a Package Pickup online, hand to your letter carrier, take to a Post Office™, or drop in a USPS collection box.

5. Mail your package on the "Ship Date" you selected when creating this label.

## Click-N-Ship® Label Record

**USPS TRACKING # :**

**9405 5036 9930 0429 9390 03**

| | | Priority Mail® Postage: | $9.90 |
|---|---|---|---|
| Trans. #: | 578373279 | Total: | $9.90 |
| Print Date: | 12/16/2022 | | |
| Ship Date: | 12/16/2022 | | |
| Expected Delivery Date: | 12/19/2022 | | |

From:  MELISSA A MOORE          Refit: Prunedo Au
MOORE & ASSOCIATES
440 LOUISIANA ST STE 1110
HOUSTON TX 77002-1055

To:   SUSAN A BOWEN
BEXAR COUNTY, TEXAS - CIVIL DIVISION
FL 4
101 W NUEVA
SAN ANTONIO TX 78205-3492

* Retail Pricing Priority Mail rates apply. There is no fee for USPS Tracking® service on Priority Mail service with use of this electronic rate shipping label. Refunds for unused postage paid labels can be requested online 30 days from the print date.

**UNITED STATES POSTAL SERVICE®**

*Thank you for shipping with the United States Postal Service!*
*Check the status of your shipment on the USPS Tracking® page at usps.com*