IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AUGUSTIN PRUNEDA, Individually and on Behalf of All Others Similarly Situated, BRIAN BARRICK, BRIAN CURTIS, CHRISTOPHER MOLLEDA and DARRELL SANDERS, <br><br> *Plaintiffs,* <br><br> v. <br><br> BEXAR COUNTY, TEXAS., <br><br> *Defendant.* | § § § § § § § § § § § § § § § | **FILED** <br> August 23, 2024 <br> CLERK, U.S. DISTRICT COURT <br> WESTERN DISTRICT OF TEXAS <br> BY: _____RR_____ <br>           DEPUTY <br><br><br> Civil Action No.: 5:22-cv-00104 |

### DEFENDANT BEXAR COUNTY'S SECOND AMENDED ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

For its Answer and Defenses to Plaintiffs' Complaint (ECF No. 1), the allegations of which are hereinafter answered by correspondingly numbered paragraphs below, Defendant Bexar County ("Bexar County") respectfully shows the following:

**I.      Nature of Suit**

1. Bexar County admits that Plaintiffs have asserted claims under the FLSA in Paragraph 1 of Plaintiffs' Complaint.

2. Paragraph 2 of Plaintiffs' Complaint is a statement of law to which no admission or denial is required, but Bexar County admits the quoted language is accurate.

3. Paragraph 3 of Plaintiffs' Complaint is a statement of law to which no admission or denial is required, but Bexar County admits the FLSA governs overtime pay, minimum wage, and recordkeeping requirements for covered employers.

4. Bexar County denies the allegations in Paragraph 4 of Plaintiffs' Complaint.

5. Bexar County denies the allegations in Paragraph 5 of Plaintiffs' Complaint.

6. Bexar County admits that Plaintiff Pruneda has brought the action under the collective action provisions of the FLSA but denies the remaining allegations in Paragraph 6 of Plaintiffs' Complaint and specifically denies that the opt-in plaintiffs are similarly situated to Pruneda.

7. Bexar County admits that Plaintiffs Barrick, Curtis, Molleda, and Sanders have brought their claims individually but denies the remaining allegations in Paragraph 7 of Plaintiffs' Complaint.

## II. Jurisdiction and Venue

8. Bexar County admits that this Court has jurisdiction because the FLSA claims raise a federal question.

9. Bexar County admits that venue is proper in this Court as alleged in Paragraph 9 of Plaintiffs' Complaint.

## III. Parties

10. Bexar County admits the allegations in Paragraph 10 of Plaintiffs' Complaint.

11. Bexar County admits the allegations in Paragraph 11 of Plaintiffs' Complaint.

## IV. Facts

12. Bexar County admits the allegations in Paragraph 12 of Plaintiffs' Complaint.

13. Bexar County admits the allegations in Paragraph 13 of Plaintiffs' Complaint.

14. Bexar County admits the allegations in Paragraph 14 of Plaintiffs' Complaint.

15. Bexar County admits Paragraph 15 describes some duties occasionally performed by some of the Plaintiffs, but Bexar County denies that Paragraph 15 contains a complete description of all duties performed by the Plaintiffs as Lieutenants and Captains and thus denies such allegations in Paragraph 15 of Plaintiffs' Complaint.

16. Bexar County admits the majority of its Deputy Sheriffs are required to track their hours and receive compensatory time or discretionary leave time, but Bexar County denies the allegations in Paragraph 16 of Plaintiffs' Complaint.

17. Bexar County denies the allegations in Paragraph 17 of Plaintiffs' Complaint.

18. Bexar County admits the Plaintiffs' time sheets should indicate the number of ours worked each workweek, but Bexar County denies the allegations in Paragraph 18 of Plaintiffs' Complaint.

19. Bexar County admits the Plaintiffs' time sheets should indicate the number of ours worked each workweek, but Bexar County denies the allegations in Paragraph 19 of Plaintiffs' Complaint.

20. Bexar County admits the allegations in Paragraph 20 of Plaintiffs' Complaint as it relates to during the time period the Plaintiffs held the rank of Lieutenant or Captain.

21. Bexar County admits the Plaintiffs received discretionary leave for any hours worked over 40 in a workweek during the time period they held the rank of Lieutenant or Captain, but Bexar County otherwise denies the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. Bexar County admits the allegations in Paragraph 22 of Plaintiffs' Complaint.

23. Bexar County admits that, under its collective bargaining agreement, it does not pay Plaintiffs discretionary leave upon termination of their employment, but Bexar County denies the allegations in Paragraph 23 of Plaintiffs' Complaint as it relates to compensatory time off the Plaintiffs may have accrued before they attained the rank of Lieutenant or Captain.

24. Bexar County denies the allegations in Paragraph 24 of Plaintiffs' Complaint.

25. Bexar County denies the allegations in Paragraph 25 of Plaintiffs' Complaint.

26. Bexar County denies the allegations in Paragraph 26 of Plaintiffs' Complaint.

27. Bexar County denies the allegations in Paragraph 27 of Plaintiffs' Complaint.

**V.     Count One – Failure to Pay Overtime in Violation of 29 U.S.C. § 207**

28. Paragraph 28 of Plaintiffs' Complaint is not an allegation that requires an admission or denial. To the extent an admission or denial is required, Bexar County incorporates by reference its previous answers to Paragraphs 1 to 27 of Plaintiffs' Complaint.

29. Bexar County denies the allegations in Paragraph 29 of Plaintiffs' Complaint.

30. Bexar County denies the allegations in Paragraph 30 of Plaintiffs' Complaint.

31. Bexar County admits the allegations in Paragraph 31 of Plaintiffs' Complaint, but Bexar County denies the facts or law required it to pay the Plaintiffs as alleged while they held the rank of Lieutenants or Captains.

32. Bexar County admits it did not pay Plaintiffs time and a half for any hours worked while serving as Lieutenants or Captains, but Bexar County denies any remaining allegations in Paragraph 32 of Plaintiffs' Complaint.

33. Bexar County denies the allegations in Paragraph 33 of Plaintiffs' Complaint.

34. Bexar County denies the allegations in Paragraph 34 of Plaintiffs' Complaint.

**VI.     Count Two – Failure to Award Compensatory Time Off
in Violation of 29 U.S.C. § 207(o)(1)**

35. Paragraph 35 of Plaintiffs' Complaint is not an allegation that requires an admission or denial. To the extent an admission or denial is required, Bexar County incorporates by reference its previous answers to Paragraphs 1 to 34 of Plaintiffs' Complaint..

36. The County denies the allegations in Paragraph 36 of Plaintiffs' Complaint.

37. The County denies the allegations in Paragraph 37 of Plaintiffs' Complaint.

38. The County denies the allegations in Paragraph 38 of Plaintiffs' Complaint.

39. The County denies the allegations in Paragraph 39 of Plaintiffs' Complaint.

**VII.    Count Three – Failure to Pay Overtime Compensation After Accruing 240 Hours of Compensatory Time Off in Violation of 29 U.S.C. § 207(o)(3)**

40. Paragraph 40 of Plaintiffs' Complaint is not an allegation that requires an admission or denial. To the extent an admission or denial is required, Bexar County incorporates by reference its previous answers to Paragraphs 1 to 39 of Plaintiffs' Complaint.

41. Paragraph 41 of Plaintiffs' Complaint is a statement of law that does not require an admission or denial, but to the extent Plaintiffs are claiming it accurately states the law as applied to them, Bexar County denies that allegation.

42. Bexar County admits the allegations in Paragraph 42 of Plaintiffs' Complaint.

43. Bexar County denies the allegations in Paragraph 43 of Plaintiffs' Complaint.

**VIII.    Count Four – Failure to Pay for Unused Compensatory Time Off Upon Termination of Employment in Violation of 29 U.S.C. § 207(o)(4)**

44. Paragraph 44 of Plaintiffs' Complaint is not an allegation that requires an admission or denial. To the extent an admission or denial is required, Bexar County incorporates by reference its previous answers to Paragraphs 1 to 43 of Plaintiffs' Complaint.

45. Paragraph 45 of Plaintiffs' Complaint is a statement of law that does not require an admission or denial, but to the extent Plaintiffs are claiming it accurate states the law as it applies to Plaintiffs who are exempt employees, Bexar County denies that allegation.

46. Bexar County denies the allegations in Paragraph 46 of Plaintiffs' Complaint.

**IX.    Count Five – Willful Violation of the FLSA Under 29 U.S.C. § 255(a)**

47. Paragraph 47 of Plaintiffs' Complaint is not an allegation that requires an admission or denial. To the extent an admission or denial is required, Bexar County incorporates by reference its previous answers to Paragraphs 1 to 46 of Plaintiffs' Complaint.

48. Bexar County denies the allegations in Paragraph 48 of Plaintiffs' Complaint.

49. Bexar County denies the allegations in Paragraph 49 of Plaintiffs' Complaint.

50. Bexar County denies the allegations in Paragraph 50 of Plaintiffs' Complaint.

## X.     Count Six – Collective Action Allegations Under 29 U.S.C. § 216(b)

51. Paragraph 51 of Plaintiffs' Complaint is not an allegation that requires an admission or denial. To the extent an admission or denial is required, Bexar County incorporates by reference its previous answers to Paragraphs 1 to 50 of Plaintiffs' Complaint.

52. Bexar County denies the allegations in Paragraph 52 of Plaintiffs' Complaint.

53. Bexar County denies the allegations in Paragraph 53 of Plaintiffs' Complaint.

54. Bexar County denies the allegations in Paragraph 54 of Plaintiffs' Complaint.

55. Bexar County admits the Court has given notice and allowed putative collective action members to join this lawsuit, but Bexar County denies the allegations in Paragraph 55 of Plaintiffs' Complaint.

56. Bexar County admits the Court has given notice and allowed putative collective action members to join this lawsuit, but Bexar County denies the allegations in Paragraph 56 of Plaintiffs' Complaint.

57. Bexar County denies the allegations in Paragraph 57 of Plaintiffs' Complaint.

58. Bexar County admits the Plaintiffs has retained counsel, but Bexar County lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 58 of Plaintiffs' Complaint. To the extent an admission or denial is required, Bexar County denies the remaining allegations in Paragraph 58 of Plaintiffs' Complaint.

## XI.     Count Seven – Liquidated Damages, Attorney's Fees & Costs under 29 U.S.C. § 216(b)

59.     Paragraph 59 of Plaintiffs' Complaint is not an allegation that requires an admission or denial. To the extent an admission or denial is required, Bexar County incorporates by reference its previous answers to Paragraphs 1 to 58 of Plaintiffs' Complaint.

60.     Bexar County denies the allegations in Paragraph 60 of Plaintiffs' Complaint.

61.     Bexar County denies the allegations in Paragraph 61 of Plaintiffs' Complaint.

62.     Bexar County admits the allegations in Paragraph 62 of Plaintiffs' Complaint.

63.     Bexar County denies the allegations in Paragraph 63 of Plaintiffs' Complaint.

64.     Bexar County lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 64 of Plaintiff's Complaint, but to the extent Plaintiffs believe they are entitled to recover any attorneys' fees or costs incurred in bringing this lawsuit, Bexar County denies that allegation.

65.     Bexar County denies the allegations in Paragraph 65 of Plaintiffs' Complaint.

66.     Bexar County denies the allegations in Paragraph 66 of Plaintiffs' Complaint.

## XII.     Relief Sought

67.     Plaintiffs' prayer for relief does not require a response, but to the extent that factual allegations are contained therein, those allegations are denied. Bexar County denies that Plaintiffs are entitled to any relief, including the relief set forth in Paragraph 67, including subparagraphs a to g, of Plaintiffs' Complaint.

68.     To the extent any specific allegation in Plaintiffs' Complaint is not admitted or denied above, Bexar County hereby denies it.

## **DEFENSES, AFFIRMATIVE DEFENSES AND OTHER MATTERS**

In asserting the following defenses, Bexar County does not admit that the burden of proving the allegations or denials contained below is upon Bexar County. To the contrary, the burden of proving the facts relevant to many of the defenses listed below, and the burden of proving the inverse of the allegations contained in these defenses, is often upon Plaintiffs. Moreover, Bexar County does not admit, by asserting any defense, to any liability. Rather, Bexar County specifically denies any and all allegations of liability in Plaintiffs' Complaint. Without admitting liability as to any of Plaintiff's causes of action, Bexar County assert the following defenses:

1. Bexar County denies liability, but alternatively asserts that any of Bexar County's acts or omissions giving rise to this action were taken in good faith and that it had reasonable grounds for believing its acts or omissions were not in violation of the Fair Labor Standards Act ("FLSA"), and that Plaintiffs are not entitled to liquidated damages.

2. Bexar County denies liability, but alternatively asserts that Bexar County did not know its acts or omissions were in alleged violation of the FLSA, and that Bexar County did not show reckless disregard for whether its acts or omissions complied with the FLSA. Therefore, the two-year statute of limitations under the FLSA should apply.

3. Plaintiffs cannot satisfy the requirements for a collective action. Plaintiffs are not similarly situated as they work in different job positions, were paid differently, worked at different locations, worked different schedules, or performed different job functions.

4. Plaintiffs' attempt to pursue this case as a collective action fails because an independent and individual analysis of Plaintiffs' purported claims and the purported claims of each Plaintiff is required.

5. Plaintiffs qualified as exempt under the highly compensated employee exemption because they were paid on a salary basis pursuant to 29 C.F.R. § 541.604, their total compensation exceeded $107,432.00, and they regularly performed one or more exempt duty(ies).

6. Plaintiffs qualified as exempt under the administrative exemption because they were paid on a salary basis, their primary duties involved performing non-manual labor, and their primary and regular duties involved the exercise of independent judgment and discretion involving matters of significance with respect to the general business operations of the County.

7. Plaintiffs qualified as exempt under the executive exemption because they were paid on a salary basis and their primary duties regularly involved supervising and/or directing other employees.

8. Bexar County denies liability, but in the alternative asserts that in the event that there is a finding that any of the Plaintiffs are entitled to overtime pay, any non-working hours, such as Portal-to-Portal Act travel or other non-working hours, meal breaks, on call time, if any, and other hours not worked, must be excluded from the number of hours worked in any calculation of potential liability.

9. Plaintiffs' claims are barred in whole or in part to the extent that they were not brought within the applicable statute of limitations.

10. Plaintiffs' claims may be barred, in whole or in part, by the doctrines of waiver, release, credit, setoff, and estoppel.

11. Bexar County reserves the right to amend its pleadings to assert any additional defenses that may become apparent during the course of this lawsuit, including affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

## ATTORNEYS' FEES, COSTS, AND EXPENSES

Under the applicable law, the Federal Rules of Civil Procedure, and the inherent power of this Court, Bexar County seeks to recover all attorneys' fees, costs, and expenses incurred in their defense of this lawsuit, to the extent it is permitted to do so.

## PRAYER FOR RELIEF

Defendant Bexar County respectfully prays the Court enter a judgment:

1. Dismissing Plaintiffs' Complaint and denying Plaintiffs all requested relief therein;

2. Awarding Bexar County its attorneys' fees, costs, and expenses incurred in defending this action; and

3. Awarding Bexar County all other relief to which they are entitled.

Respectfully submitted,

*/s/ Christine E. Reinhard*
Christine E. Reinhard
Texas Bar No. 24013389
creinhard@sr-llp.com
William R. Liles
Texas Bar No. 24083395
wliles@sr-llp.com
SCHMOYER REINHARD LLP
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
PH: (210) 447-8033
FX: (210) 447-8036

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served *via* the Court's Electronic filing system to:

Melissa Moore
Curt Hesse
Moore & Associates
440 Louisiana St., Suite 1110
Houston, TX 77002
(713) 222-6775
Fax: (713) 222-6739
Email: melissa@mooreandassociates.net
Email: curt@mooreandassociates.net

on this 20th day of May, 2024.

                                                /s/ *Christine E. Reinhard*
                                                Christine E. Reinhard