| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISION |
|---|---|

AUGUSTIN PRUNEDA, Individually and On Behalf of All Others Similarly Situated, BRIAN BARRICK, BRIAN CURTIS, CHRISTOPHER MOLLEDA and DARRELL SANDERS,

   *Plaintiff(s)*,

v.

BEXAR COUNTY, TEXAS,

   *Defendant(s)*.

§§§§§§§§§§§§§§

No. 5:22-cv-00104-JKP-HJB

## JOINT MOTION TO APPROVE THE SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiffs Augustin Pruneda, individually and on behalf of Opt-In Plaintiffs ("Pruneda"), Brian Barrick, Brian Curtis, Christorpher Molleda, and Darrell Sanders (collectively the "Plaintiffs") and Defendant Bexar County, Texas, ("Bexar County" of "Defendant") (collectively with the Plaintiffs the "Parties") file this Joint Motion to Approve the Settlement Agreement and Stipulation of Dismissal and respectfully show as follows:

### INTRODUCTION

The Parties have reached a settlement with respect to this Fair Labor Standards Act (FLSA) case. The settlement was reached after several years of litigation, discovery, and two separate full-day mediations. If approved, it will provide the Plaintiffs with over 100% of their

alleged unpaid wages and a portion of liquidated damages, even after payment of attorney's fees and costs.

## ARGUMENTS AND AUTHORITIES

I.   The Settlement is a Fair and Reasonable Resolution of a Bona Fide Dispute.

   A.   *A Bona Fide Dispute Existed Between the Parties.*

If Plaintiffs' allegations were ultimately correct, then Bexar County would be faced with the prospect of a monetary judgment in favor of the Plaintiffs as well as an obligation to pay litigation fees and costs incurred by the Plaintiffs. If Bexar County's arguments were correct, then the Plaintiffs would not make a recovery, or the recovery would be substantially less than what the Plaintiffs sought. The Parties on both sides were represented by able counsel throughout this litigation. Each side has substantial arguments in support of its legal position on issues such as whether the Plaintiffs were properly classified as exempt from the overtime provisions of the FLSA, whether Plaintiffs would be able to establish a willful violation of the FLSA extending the statute of limitations from two years to three years, and whether Plaintiffs could recover liquidated damages under the FLSA. Accordingly, the Court should readily conclude a bona fide dispute between the Parties existed under the FLSA.

B.  *The Proposed Settlement Is Fair and Reasonable.*

The precise terms of the Settlement Agreement were reached following a mediation with U.S. Magistrate Elizabeth S. ("Besty") Chestney on January 21, 20025. (Dkt # 87). Attached as Exhibit A is the parties' redacted Settlement Agreement and Release. The settlement was the product of arm's-length negotiations by experienced counsel and has the salutary effects of (1) providing relief to the Plaintiffs and (2) eliminating the inherent risks both sides would bear if this litigation continued to resolution on the merits. Such negotiations allowed the Parties to bridge the gap between the Parties' settlement positions and obtain the resolution described. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc*. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

The Settlement Agreement is also fair and reasonable because substantial obstacles exist if litigation continues, and the settlement provides immediate relief. The Parties disagree about the merits of the Plaintiffs' claims, the viability of Bexar County's defenses, and the proper calculation of damages. Without settlement, the Parties would have to proceed to trial. Even if the Plaintiffs had prevailed on the merits at trial, an appeal to the Fifth Circuit would have likely resulted. Under such a scenario, the Plaintiffs would not see any monetary relief from this case, if any, until years from now. The Settlement Agreement brings an immediate benefit to the Plaintiffs.

The FLSA allows for the payment of attorneys' fees to plaintiffs. *See Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2008 WL 5140045 (S.D. Tex. Dec. 8, 2008). As part of the Settlement Agreement, the Parties have agreed that Plaintiffs' counsel will receive a total of 40% of the gross settlement amount for fees and costs pursuant to the agreement between Plaintiffs and Plaintiffs' counsel. This is the agreement that the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 727 (1986) (explaining in the more exacting Rule 23 context that "the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed.")

These fees and costs are justified as a matter of contract, but especially in this case where counsel worked on a contingency basis. Within the Fifth Circuit, customary contingency fees for class funds have ranged from 33.33% to 50%. *See In re Bayou Sorrell Class Action*, 2006 WL 323. In FLSA cases such as this, the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *see also Pruitt et al. v. Act Fast Delivery, Inc. et al.*, No. Civ A. 5-cv-19-00049 (W.D., August 6, 2024); Doc. 105, (approving 40% contingency in FLSA collective action); *Green-Johnson v. Fircroft*, et al., No. Civ. A. 4:12-cv-01307 (S.D. Tex., April 3, 2013); Doc. 50 (approving 40% contingency fee in FLSA collective action); *Covey, et al. v. Iron Cactus, et al.;* No. Civ. A. 1:12-cv-00111-SS (W.D. Tex. August 6, 2013) (approving 40% contingency fee in FLSA collective action); *Villarreal, et al. v. Source Refrigeration & HVAC, Inc.*; No. Civ. A. 1:12-cv-00243 (W.D. Tex., October 8, 2013); Doc. 71, (approving 40% contingency fee in FLSA

collective action); *Karim v. Finch Shipping Co.*, Ltd. 233 F. Supp. 2d 807, 811 (E.D. LA 2002) (40% contingency fee approved). Here, the Plaintiffs were aware of, and agreed to, the contingency fee nature of the relationship.

The terms of the settlement have been approved by Plaintiffs, Plaintiffs' counsel, Defendant, and Defendant's counsel. Plaintiffs entered into the Settlement Agreement voluntarily and knowingly and understand fully that they are relinquishing their claims in this matter in exchange for the agreed upon settlement. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit.

## CONCLUSION

The Parties and their counsel agree that the Agreement is a reasonable compromise of the claims alleged by the Plaintiffs in light of the procedural posture of the case, the litigations risks, and the costs applicable to both sides. Because the Agreement is a reasonable compromise, the Parties seek entry of the enclosed Agreed Order of Approval and Stipulation of Dismissal with Prejudice.

Dated:  March ____, 2025

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| MOORE & ASSOCIATES | SCHMOYER REINHARD LLP |
| 440 Louisiana Street, Suite 1110 | 8000 IH 10 West, Suite 1600 |
| Houston, Texas 77002-1063 | San Antonio, Texas 78230 |
| Telephone: (713) 222-6775 | Telephone: (210) 447-8033 |
| Facsimile: (713) 222-6739 | Facsimile: (210) 447-8036 |
| | |
| By: s/ Melissa Moore | By: s/ Christine Reinhard w/p CH |
| Melissa Moore | Christine E. Reinhard |
| Tex. Bar No. 24013189 | Tex. Bar No. 24013389 |
| melissa@mooreandassociates.net | crienhard@sr-llp.com |
| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEYS FOR DEFENDANT** |

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served a copy of this document on all parties or their attorney(s) of record—who are listed below—in accordance with Fed. R. Civ. P. 5(b) on the date indicated as follows:

>Christine E. Reinhard
>crienhard@sr-llp.com
>S<small>CHMOYER</small> R<small>EINHARD</small> LLP
>8000 IH 10 West, Suite 1600
>San Antonio, Texas 78230
>*Attorney(s) for Defendant*
>☐ mail
>☐ personal delivery
>☐ leaving it at ☐ office ☐ dwelling
>☐ leaving it with court clerk
>☐ electronic means
>☐ other means
>☒ CM/ECF system

| March ____, 2025 | s/ Melissa Moore |
|---|---|
| Date | Melissa Moore |